RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0201P (6th Cir.)
File Name: 03a0201p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

TONY M. POWELL,
    *Petitioner-Appellant,*

    *v.*          No. 98-4053

TERRY COLLINS, Warden,
    *Respondent-Appellee.*

Filed: June 17, 2003

Before: DAUGHTREY, CLAY, and GILMAN, Circuit Judges.

───────────────

## SUPPLEMENTAL ORDER

───────────────

RONALD LEE GILMAN, Circuit Judge. Following the issuance of this court's opinion, found at 328 F. 3d 268 (6th Cir. 2003), Tony M. Powell filed a petition to rehear. His petition was based on the concern that the concluding paragraph of our opinion could be interpreted as foreclosing his right to argue in the state courts of Ohio that § 2929.06 of the Ohio Revised Code, enacted in 1996, is not retroactive to his conviction in 1987. We recognize that this is still an open question under Ohio law. *State v. Gross*, 776 N.E. 2d 1061, 1114-16 (Ohio 2002) (Resnick, J., concurring in part and dissenting in part).

Powell's right to argue this issue of state law in the Ohio courts is not foreclosed by our opinion. To remove any doubt on this point, however, we amend our opinion by striking the concluding paragraph in its entirety and substituting the following in lieu thereof:

### IV. CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's denial of Petitioner's application for a writ of habeas corpus as to the penalty phase and **AFFIRM** as to the guilt phase of Petitioner's trial; and we **REMAND** to the district court with instructions to issue a writ of habeas corpus vacating Petitioner's death sentence unless the State of Ohio initiates a new penalty phase proceeding within 180 days of remand. If the State does elect to initiate such a proceeding, we presume that the state court will first have to determine (1) whether § 2929.06 of the Ohio Revised Code is retroactive, and (2) whether Petitioner can be lawfully executed under the Eighth Amendment due to his mental retardation in light of the Supreme Court's decision in *Atkins v. Virginia*, 536 U.S. 304 (2002). Only if the state court resolves both issues in the state's favor would the prosecution be free to conduct a new penalty phase proceeding if it chooses to do so.

As a final conforming change, we also amend our opinion by substituting the word "initiates" for "conducts" in the last sentence of the second paragraph. That sentence is now amended to read as follows:

Accordingly, we **REVERSE** the district court's denial of the writ on these bases, and we **REMAND** to the district court with instructions to issue a writ of habeas corpus vacating Powell's death sentence unless the State of Ohio initiates a new penalty proceeding within 180 days of remand.

In light of the foregoing amendments, we find no reason to have this case reheard. Powell's petition to rehear is therefore **DENIED**.

_____

**DISSENT**

_____

CLAY, Circuit Judge, dissenting. I respectfully dissent from the issuance of the supplemental order in this matter.

Although § 2929.06 of the Ohio Revised Code was enacted in 1996, Petitioner never argued to the district court or to this Court on appeal that this section does not apply retroactively so as to preclude him from being subjected to a second mitigation hearing upon remand. In fact, Petitioner specifically sought a new guilt phase trial as well as a new mitigation hearing before the district court and argued on appeal that the district court erred in failing to grant his application for the writ on either basis. Now, after being provided the relief that he sought in the form of a new mitigation hearing, Petitioner argues in a petition for rehearing that because this Court's remand order failed to consider his after-the-fact argument that § 2929.06 may not apply retroactively, his case should be reheard. The relief Petitioner actually seeks from this Court *for the first time* by way of his petition for rehearing is an adjudication to the effect that the purely state law issue remains open in the Ohio courts as to whether § 2929.06 applies retroactively. *See State v. Gross*, 776 N.E.2d 1061, 1114-16 (Ohio 2002) (Resnick, J., concurring in part and dissenting in part).

Issues raised for the first time in a petition for rehearing are generally not considered. *Cf. United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993) (finding that the Court will not consider issues which are raised for the first time on appeal in a party's reply brief); *see United States v. Cross*, 308 F.3d 308, 314 (3d Cir. 2002) (finding that raising an issue for the first time in a petition for rehearing en banc fails to preserve the issue for subsequent review). Thus, this Court should not consider Petitioner's retroactivity issue at this time, whether by issuing a supplemental order or otherwise. Furthermore, there is no reason to address the retroactivity

issue as a part of the remand order since there is nothing in the original opinion's remand order to prevent the state court from deciding to entertain, or not to entertain, the retroactivity issue.

As to the § 2929.06 retroactivity issue, Petitioner's case is distinguishable from the petitioner's case in *DePew v. Anderson*, 311 F.3d 742 (6th Cir. 2002). In *DePew*, the retroactivity issue was raised and squarely addressed by the district judge such that it was necessary for this Court to speak on it as well. Specifically, in the remand order in *DePew,* we opined as follows:

> As a general rule, the relief given in a federal habeas case challenging a death sentence is a conditional order vacating the sentence unless the defendant is resentenced within a set period of time, usually 180 days. The magistrate judge herein recommended such a conditional order, but the district court judge did not adopt that recommendation because the law of Ohio, as it existed when defendant committed the crimes herein, did not allow imposition of the death penalty upon resentencing. On that basis, the district court instead granted an unconditional writ, vacating the death sentence. However, as recognized by the district court judge in his order the matter of resentencing is for the courts of Ohio to address and we leave resolution of the state question to them.

> For the foregoing reasons, the judgment of the district court is affirmed in part as to the vacating of the death sentence, reversed in part as to the grant of an unconditional writ and remanded with instructions to conditionally grant the writ unless the State of Ohio elects to initiate resentencing proceedings within 180 days of the district court's order.

*Id.* at 754. Thus, unlike in this case, in *DePew* the retroactivity issue was raised and addressed in the first instance by the district court.

Significantly, even though the issue of whether De Pew could lawfully be resentenced to death was raised and addressed, this Court's remand order did not so much as imply that the state court should consider the issue before proceeding with the resentencing; rather, DePew's case was remanded "with instructions to conditionally grant the writ unless the State of Ohio elects to initiate resentencing proceedings within 180 days of the district court's order." *Id.* Thus, where this Court in *DePew* did not suggest that the state court could or should consider the retroactivity issue on remand when the issue had been raised by the petitioner, we should not do so in this case where the issue was not previously raised.

Of course, Petitioner is free to raise the retroactivity issue before the state trial court, as he is free to raise any other defense as to why he should not be subject to the death penalty; however, where this issue was never raised by Petitioner up until this point, this Court should not use its heavy hand to urge the state court to consider it now. Indeed, the state court should not interpret the supplemental order as suggesting that it should or should not consider Petitioner's retroactivity claim.

In summary, because the supplemental order appears to be issuing on an improper basis procedurally and is substantively unnecessary, I respectfully dissent.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____
Clerk